| |
|---|
| **Colon v New York City Tr. Auth.** |
| 2025 NY Slip Op 30999(U) |
| March 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157404/2016 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. RICHARD TSAI                    PART          21

                                          *Justice*

-------------------------------------------------------------------------X

GILBERT COLON,

|  |  |  |
|---|---|---|
| INDEX NO. | 157404/2016 | |

                           Plaintiff,

|  |  |  |
|---|---|---|
| MOTION DATE | 02/27/2025 | |

            - v -

|  |  |  |
|---|---|---|
| MOTION SEQ. NO. | 008 | |

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, MTA
BUS COMPANY, INC., and MATTHEW HAWKINS (Bus
Operator),

**DECISION + ORDER ON
MOTION**

                           Defendants.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 008) 150, 266-291, 294-317, 326-328, 333-334, 337-343

were read on this motion to/for                    STAY                    .

By order to show cause, defendants move for a stay of the trial and additional disclosure pursuant 22 NYCRR 202.21(d). Plaintiff opposes the motion.

By a decision and order dated June 21, 2024, the justice presiding over the trial assignment part vacated the note of issue and transferred defendants' motion to this court.

## BACKGROUND

According to the complaint, on April 16, 2016, at approximately at 8:30 p.m., plaintiff was a passenger in an M35 bus allegedly operated by defendant Matthew Hawkins and allegedly owned by defendants New York City Transit Authority, Metropolitan Transportation Authority and/or MTA Bus Company, Inc. (*see* complaint ¶¶ 13-14, 18-19, 23-24, 28) [NYSCEF Doc. No. 268]). The complaint alleges that the bus "suddenly, unnecessarily, unusually and unexpectedly, violently turned and jerked in a violent, hard, quick, unusual and sudden manner," causing plaintiff, who is wheelchair-bound, to fall out of his wheelchair and sustain injuries (*id.* ¶¶ 38-39).

According to the verified bill of particulars, plaintiff suffered injuries to his left shoulder, left knee and right knee, his cervical, thoracic, and lumbar spine, with decreased range of motion in the shoulder, both knees, and spine, and headaches (*see* Exhibit C in support of defendants' motion, bill of particulars ¶ 10 [NYSCEF Doc. No. 270]).

**157404/2016   COLON, GILBERT vs. NEW YORK CITY TRANSIT**                    **Page 1 of 5**
**Motion No.  008**

According to supplemental verified bills of particulars, the injuries to plaintiff's cervical and lumbar spine resulted in, among other things, radiculopathy, stenosis, and osteophytes, and plaintiff underwent arthrodesis (i.e., fusion) and decompression of cervical spine (*see* Exhibit F in support of defendants' motion, supplement bill of particulars dated May 24, 2018 [NYSCEF Doc. No. 273]).

By a decision and order dated October 18, 2021, another justice who was previously assigned to this case directed plaintiff's counsel to subpoena and submit, for in camera inspection, plaintiff's records from "Bellevue Hospital, Medicare, Medicaid, SSI and SSD for 5 years prior to the date of the alleged accident" for "a determination of whether any of the records pertain to bodily [sic] parts allegedly injured and itemized in plaintiff's Bills of Particulars" (*see* NYSCEF Doc. No. 150).

On or about February 6, 2024, defendants moved, by order to show cause, for a stay of the trial and further discovery, on the ground that defendants have not had the benefit of reviewing the records which had been directed to be produced for *in camera* inspection (Motion Seq. No. 008).

By a decision and order dated June 21, 2024, the justice presiding over the trial assignment part vacated the note of issue, transferred defendants' motion to this court, and forwarded the records to this court for in camera review. By a decision and order dated November 6, 2024, this court issued its decision on the *in camera* review, and directed plaintiff to turn over, in electronic form, certain documents (*see* NYSCEF Doc. No. 337).

Meanwhile, with respect to the motion that is now before this court (Motion Seq. No. 008), this court issued an interim order that permitted defendants to serve and submit supplemental papers on what additional discovery, if any, they seek, based on their review of the *in camera* documents (*see* NYSCEF Doc. No. 340). Plaintiff was also permitted to submit a response (*id.*). Defendants e-filed Demands for Post-Note of Issue Discovery Pursuant to Court Order dated February 11, 2025, which sought, among other things, a further deposition of plaintiff and a further medical examination of plaintiff (*see* NYSCEF Doc. No. 343).

On March 26, 2025, this court held an in-person conference with the parties' counsel, which was not on the stenographic record.

### DISCUSSION

The branch of defendants' motion for a stay of the trial was already decided by a decision and order dated June 21, 2024, by the justice presiding over the trial assignment part who vacated the note of issue. The remaining branch of plaintiff's motion seeks to compel plaintiff to provide additional discovery (*see* affirmation of defendants' counsel ¶¶ 55-60). Defendants seek, among other things, authorizations for the release of medical records, a further deposition of plaintiff, and a further medical

**157404/2016   COLON, GILBERT vs. NEW YORK CITY TRANSIT**          **Page 2 of 5**
**Motion No.  008**

2 of 5

examination of plaintiff (*see* defendants' Demands for Post-Note of Issue Discovery ¶¶ 11, 12, 13 [NYSCEF Doc. No.343])

Defendants' counsel also raised the concern that it was unclear whether the documents that they received from plaintiff following this court's decision on the *in camera* review were complete. Because the documents submitted *in camera* were not Bates-stamped, defendants had no independent way of verifying that what they had received was, in fact, the entire set of documents that this court had directed to be produced (*see* defendants' Demands for Post-Note of Issue Discovery ¶ 9 [NYSCEF Doc. No.343]). At the court conference on March 26, 2025, plaintiff's counsel produced the CD-ROM of the *in camera* documents that was previously submitted to the court, so that this court could verify that the documents that plaintiff produced from the *in camera* inspection to defendants were, in fact, complete.

At the court conference, defendants did not submit the entire set of documents that they had received for review, but only a smaller subset of the production. Having compared those documents with the CD-ROM of the *in camera* documents, the court finds that the production was complete with respect to the subset of the documents that defendants questioned.

However, during this review, the court discovered that, although the court had stated that defendants were entitled to an entire document for completeness and context, for pages 275-276 of SS Administration File #1, those two pages were not the entire document. Accordingly, upon this court's own initiative, plaintiff is directed to produce pages 277 through 279 of SS Administration File #1, within 20 days of entry of this decision and order.

In their supplemental response, defendants submitted a demand for, among other things, authorizations from certain individuals (*see* defendants' Demands for Post-Note of Issue Discovery ¶ 11 [NYSCEF Doc. No.343]). At the court conference on March 26, 2025, it was undisputed that plaintiff's counsel furnished all the authorizations requested, except as to "A. Chapman PsyD" and "F. Schermerhorn, SDM."

Defendants' oral application, made at the March 26, 2025 conference, to compel plaintiff to provide authorizations for these individuals is denied.

The names of these individuals appeared on a document produced to defendants following the *in camera* review, on a document entitled "Disability Determination Explanation." The court agrees with plaintiff's counsel that these individuals were not treating physicians of plaintiff, but rather individuals who were part of the process in determining whether plaintiff's application for Social Security disability benefits should be approved.

Defendants are granted an additional EBT of defendant, limited to questions pertaining to any injuries to plaintiff's right knee prior to April 16, 2016, the date of the

**157404/2016   COLON, GILBERT vs. NEW YORK CITY TRANSIT**
**Motion No.  008**

Page 3 of 5

3 of 5

alleged incident in this case, and pertaining to any treatment that plaintiff might have sought for the right knee, for the period from January 1, 2015 to the present.

At plaintiff's EBT on August 24, 2017, when plaintiff was asked, "Have you had any complaints regarding your neck, shoulder, back or knees?", he responded, "Never" (*see* Exhibit D in support of defendants' motion, plaintiff's EBT at 103, line 24 through 104, line 1 [NYSCEF Doc. No. 271]). When asked if he had experienced any problems with those parts of the body, plaintiff replied, "Never." (*id.* at 104, lines 2-4).

However, a medical record of a visit on October 28, 2015 indicates that plaintiff was seen for complaints of pain to his right knee in June or July 2015. It states, in relevant part,

> "Patient was seen initially in MHC ED [Metropolitan Hospital Emergency Department] for right knee pain for past 4 months. As per patient he hit his knee while walking upstairs, patient missed a step and went down to ground hitting his knee on ground and has had pain since the. Pt [Patient] was seen in rehab clinic on 9/14/15, but missed PT appointment" (*see* Exhibit G in support of defendants' motion [NYSCEF Doc. No. 274]).

According to defendants' counsel, these records were disclosed as part of defendants' response dated September 18, 2019, which was after plaintiff's EBT.

Because the evidence of the medical treatment for an injury to plaintiff's right knee was apparently not available at the time of plaintiff's EBT, defendants are granted the opportunity to a further deposition of plaintiff to question plaintiff with respect to any injuries to plaintiff's right knee prior to April 16, 2016, the date of the alleged incident in this case, and pertaining to any treatment that plaintiff might have sought for the right knee, for the period from 2015 to the present.

The court disagrees with plaintiff's counsel that the period in question should be limited from 2015 to the date of the incident, because it could be possible that plaintiff could have sought treatment of his right knee after the date of the incident in this case. Any treatment of plaintiff's right knee for a pre-existing injury to plaintiff's right knee is reasonably calculated to lead to admissible evidence in this action. "[I]t is only fair and in keeping with the liberal discovery provisions of the CPLR to permit the opposing party to obtain whatever information is necessary to present a full and fair picture of that condition" (*Matter of Farrow v Allen*, 194 AD2d 40, 45–46 [1st Dept 1993]).

Defendants' request for a further medical examination of plaintiff is denied, with leave to review after the completion of plaintiff's further deposition. The court is not persuaded that the existence of additional medical records produced from the *in camera* review, in itself, entitles defendants to a further medical examination. It is possible that defendants' experts could review the additional medical records and revise any conclusions in their medical reports. Defendants do not submit an affirmation from any

**157404/2016   COLON, GILBERT vs. NEW YORK CITY TRANSIT**
**Motion No.  008**

**Page 4 of 5**

4 of 5

of the physicians who examined plaintiff for the necessity of an additional examination, based on the additional medical records.

A virtual status conference is scheduled for April 28, 2025, for an update on whether the further deposition of plaintiff was held, and to entertain any application for a further medical examination of plaintiff. If all discovery is complete, plaintiff may make an oral application for the case to be restored under the previously issued calendar number, 2021L-01543, without fee.

## CONCLUSION & ORDER

It is hereby **ORDERED** that defendants' motion, by order to show cause is **GRANTED IN PART TO THE EXTENT THAT** plaintiff is directed to appear for a further deposition on or before April 25, 2025; and it is further

**ORDERED** that plaintiff's further deposition shall be limited to questions pertaining to any injuries to plaintiff's right knee prior to April 16, 2016, and pertaining to any treatment that plaintiff might have sought for the right knee, for the period from January 1, 2015 to the present; and it is further

**ORDERED** the branch of plaintiff's motion to compel plaintiff to appear for a further medical examination is denied, with leave to renew the application after completion of plaintiff's further deposition; and it is further

**ORDERED** that, upon the court's own initiative, plaintiff is directed to provide pages 227-279 of SS Administration File #1 of the *in camera* review records within 20 days of entry of this decision and order; and it is further

**ORDERED** that defendants' oral application to compel plaintiff to provide authorization for the release of medical records from "A. Chapman, PsyD" and "F. Schermerhorn, SDM" is denied; and it is further

**ORDERED** that the remainder of defendants' motion is denied; and it is further

**ORDERED** that the parties are directed to appear for a virtual status conference via MS Teams on **April 28, 2025** at **10:30 a.m**.

20250328164838RTSAI0C877BF0B69F445491FB5EB2D6A0A768

| **3/28/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **RICHARD TSAI, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157404/2016  COLON, GILBERT vs. NEW YORK CITY TRANSIT**
**Motion No.  008**

Page 5 of 5

[* 5]